## Case No. 18,178.

The YOUNG AMERICA.

[1 Brown, Adm. 462; [1] 6 Chi. Leg. News, 197.]

District Court, E. D. Michigan. Jan., 1874.

ADMIRALTY—AMENDMENT OF PLEADINGS—JOINDER OF ACTIONS IN REM AND IN PERSONAM.

1. It is not competent to amend a joint libel against three vessels. by substituting the name of the owner of one vessel for the vessel, so as to change it from a libel in rem to one in personam.

2. A libel in rem cannot be changed into a libel in personam against the owner.

3. A joint action for collision cannot be maintained in rem against one vessel, and in personam against the owner of another.

[Cited in The Corsair, 145 U. S. 343, 12 Sup. Ct. 951.]

Libel for collision, by Frederick H. Blood, against the tug Young America, the schooner Home, and Francis R. P. Cottrell, owner of the scow Wilcox. Case came up on motion by the respondent Cottrell to dismiss the citation as to him, and to vacate the order allowing an amendment to the original libel upon which the citation was issued. The original libel was filed against the tug, schooner and scow, in rem, for an alleged joint liability for damages on account of a collision. The tug and schooner were arrested and bonded. The scow was not arrested, on account of her being and remaining out of the jurisdiction, and no appearance was entered or bond given on her account. In this state of the case, the libellant presented his petition, setting forth the foregoing facts, and alleging that the respondent Cottrell was owner of the scow at the time of the collision, and praying "that the said libel may be amended, and so far as concerns the said scow may be turned into a libel in personam, and that your said libellant may be permitted to proceed against the said Cottrell, as owner of said scow, instead of proceeding against the said scow herself, and that the said Cottrell may be cited," etc. The court at the time expressed serious doubts as to the regularity of such a proceeding, but finally, without a critical examination of the subject, made an order in accordance with the prayer of the petition. A citation having been issued and served on Cottrell, he now moves to dismiss the same, and to vacate the order amending the libel, and allowing the citation to issue.

F. H. Canfield, for the motion.

The amendment changes the form of action from one in rem to one in personam. The court has no power to allow such an amendment. Kynoch v. The S. C. Ives [Case No. 7,958]. See, also, The North Carolina, 15 Pet. [40 U. S.] 40; The John Jay [Case No. 7,352]; The Richard Doane [Id. 11,765]. The amendment is open to the further objection, that it works a complete change of parties,

[1] [Reported by Hon. Henry B. Brown. District Judge, and here reprinted by permission.]

and is in fact the institution of a new suit. At common law, the rule is well settled that the court has no power to amend, by adding new parties, or by changing the form of action. Winslow v. Merrill, 11 Me. 127; Atkinson v. Clapp, 1 Wend. 71; Winn v. Averill, 24 Vt. 283; Emerson v. Wilson, 11 Vt. 357; Bowman v. Stowell, 21 Vt. 309; State v. Cook, 32 N. J. Law, 347. No case can be found sanctioning the practice attempted here, and the absence of authority is an argument against its adoption.

H. B. Brown, contra.

Any amendment is allowable in admiralty which does not change the cause of action. Improper parties may be stricken out. Newell v. Norton, 3 Wall. [70 U. S.] 257, 263. New ones may be added. The Commander in Chief, 1 Wall. [68 U. S.] 49. A libel may be turned into an information. U. S. v. Four Pieces of Cloth [Case No. 15,150]. See, also, Dunl. Adm. Prac. 87, 129, 213; 2 Pars. Shipp. & Adm. 429, 431. An amendment was refused in Kynoch v. The S. C. Ives [supra], because an entire change in the nature and character of the action was proposed. See, also, 2 Conk. Adm. 258, 415; The Harmony [Case No. 6,081]; Davis v. Leslie [Id. 3,639]; Nevitt v. Clarke [Id. 10,138]; The Richard Doane [Id. 11,765]; The City of Paris [Id. 2,766]; The Henry Ewbank [Id. 6,376]. It is settled that a court of admiralty is governed by the same rules of practice as a court of equity. In equity the name of a plaintiff may be changed. 1 Daniell, Ch. Prac. 402, 404; Jennings v. Springs, 1 Bailey, Eq. 181. The amendment is in furtherance of justice, as it is more equitable that the owner should pay, than an innocent purchaser of the vessel. We might discontinue against the Wilcox, and file an original libel against her owner, setting forth that his vessel was in fault, and the court would order the causes to be tried together. What may be done indirectly may be done directly.

LONGYEAR, District Judge. The question presented involves two considerations: 1. As a libel against the scow alone, could the court allow it to be changed by amendment from a libel in rem against the vessel to a libel in personam against the owner? 2. In case of a joint liability of two or more vessels for a collision, can a joint action be maintained in rem against one or more of the vessels, and in personam against the owners of the others?

First. Touching the first question, the counsel on either side have not referred the court to any reported or unreported decision in point; and after a pretty thorough investigation I am satisfied that none exists. This would seem to indicate that the matter is so well understood at the bar that the question has never been raised, or if it has, that it has not been considered by the courts of sufficient importance to demand the promulgation of an opinion. But upon which side of the question does this seeming acquiescence of court and bar bear? This question must be answered, if at all, by ascertaining what the courts have decided in cases involving principles lying at the foundation of the question under consideration. In several instances in England and in this country the questions have arisen in collision cases, as to the right to ingraft upon or blend with an action in rem a proceeding in personam for the recovery of a deficiency against the owner, where the proceeds of the vessel were not sufficient to meet the damages pronounced for; and also whether an action in rem against the vessel, and an action in personam against the owner, could be joined in the same libel. In the United States, however, the latter question was settled by a rule of the supreme court in 1845 (admiralty rule 15). Since that time the decisions in this country have all turned upon the construction of the rule, and therefore throw but little light upon the question, and will not be noticed.

The first case in England which has come to the notice of the court was The Triune, in 1834 (3 Hagg. Adm. 114). In this case Sir J. Nicholl granted a motion to the owner, who had intervened and bonded the vessel, to pay a deficiency, failing to do which he was imprisoned upon an attachment. When the motion was made, Sir J. Nicholl put this pertinent interrogatory to counsel: "Is there an instance of a warrant of arrest under circumstances such as are in this case, against the master and part owner?" The interrogatory does not appear to have been answered. but at a subsequent date he allowed the process to issue. The matter does not appear to have been discussed or very much considered, and altogether the report of the case is quite unsatisfactory. The question next arose in England in 1840, in the case of The Hope, 1 W. Rob. Adm. 155. In this case Dr. Lushington decided directly the contrary to Sir J. Nicholl in The Triune, and held that it was not competent for the court to ingraft upon a proceeding in rem a personal action against the owner to make good the excess of damage beyond the proceeds of the ship. His attention had not at that time been called to the decision of Sir J. Nicholl in The Triune. Subsequently, however, in the case of The Volant, in 1842 (1 W. Rob. Adm. 383), where the same question was again presented, his attention was called to Sir J. Nicholl's decision. Dr. Lushington then went over the subject quite fully, and finally disagreed entirely with Sir J. Nicholl, and fully adhered to his former opinion in the case of The Hope; and such appears to have been the settled doctrine in England ever since. In Citizens' Bank v. Nantucket Steamboat Co., in 1841 [Case No. 2,730], Judge Story held that in collision cases it was not competent to proceed in the same suit in rem against the vessel and in personam against the own-

er. And this appears to be the only reported case in which any question of this kind arose in the courts of the United States before the promulgation of rule 15. But we are not concerned here so much with the particular points decided in those cases as we are with the reasons upon which the decisions were founded. In the case of The Hope, 1 W. Rob. Adm. 155, Dr. Lushington held substantially that, looking to the general principles upon which the proceedings in admiralty are conducted, it was wholly incompetent to ingraft a proceeding in personam against the owner upon a proceeding in rem against the vessel for the recovery of a deficiency. Applying that declaration to the present question, it may be remarked that, if in view of those general principles, it is wholly incompetent for the recovery of a part of the damages only, that is, the excess of damages over value of vessel, for a still stronger reason it is incompetent to change the whole proceeding from one in rem to one in personam, in which the owner may be made liable for the whole damages without regard to the value of the vessel against which the libel was filed.

In the case of The Volant, 1 W. Rob. Adm. 383, Dr. Lushington says: "The jurisdiction of this court does not depend upon the existence of the ship, but upon the origin of the question to be decided, and the locality. Looking to a proceeding by the arrest of the vessel, it is clear that, if no appearance is given to the warrant arresting the ship, there can be no proceedings against the owners, for the court cannot know who the owners are; the court cannot exercise any power over persons not before the court and never personally cited to appear." That is to say, in a proceeding in rem, for a collision, in which the owners are never personally cited to appear, there is no process or proceeding by which the court can obtain jurisdiction of the owners, or know who they are, even in cases where the vessel has been arrested, other than by their voluntary appearance. This doctrine commends itself to my judgment, and, applied to the present case, it seems to me unanswerable. How can it be said that, in a case like the present, where the vessel has not been arrested even, and there has been no appearance, the court can change the proceeding in rem against the vessel to a proceeding in personam against the owner, of whom the court has acquired and can acquire no jurisdiction, and whom the court does not and cannot know, by virtue of any process or proceeding incident to the proceedings in rem? The allowance of the amendment making the change, on the petition of the libellant, necessarily involved a determination by the court of the fact as to who was the owner, thus giving judgment beforehand, in an ex parte proceeding, and in a proceeding in rem, as to an essential and traversable fact in actions in personam

in like cases—a thing no court ever does wittingly, and which, having done, through inadvertence or for want of due consideration, will be at once undone on attention being called to it. In Citizens' Bank v. Nantucket Steamboat Co. [supra], Judge Story says: "In cases of collision the injured party may proceed in rem, or in personam, or successively in each way, until he has full satisfaction. But," he says, "I do not understand how the proceedings can be blended in the libel." And in another place, in the same opinion, he says: "In the course of the argument it was intimated that in libels of this sort the proceedings might be properly instituted both in rem against the steamboat, and in personam against the owners and master thereof. I ventured at the time to say that I knew of no principle or authority, in the general jurisprudence of courts of admiralty, which would justify such a joinder of proceedings, so very different in their nature and character and decretal effect. On the contrary, in this court, every practice of this sort has been constantly discountenanced as irregular and improper." It will be observed that the ground upon which the objection to joining the two proceedings in one libel was sustained by Judge Story was that the two are so very different in their nature and character and decretal effect. The same objection, as it seems to the court, applies with increased force to changing the one proceeding into the other by way of amendment. And besides that, there is what seems to the court the further unanswerable objection that such change involves an entire change of the party proceeded against. It is, in fact, the institution of a new suit by way of amendment, a proceeding never tolerated, I believe, in this or any court.

Second. The foregoing considerations, I think, are equally conclusive against joining in one suit proceedings in rem against the two vessels and in personam against the owner of the other. The original libel was brought against the three vessels, upon the theory, of course, that they were guilty of a joint tort. The action was joint as to the three. With the amendment, the action remains joint as to the two vessels which were arrested, but has necessarily become several as to the owner of the third, because, as an action in personam, it involves other and additional proof, and a different decree. The amendment has, therefore, wrought a palpable misjoinder of actions. But in the view taken as to the first point, it is unnecessary to elaborate this one further for present purposes. It results that the amendment was irregular, and therefore that the order allowing the same must be vacated, the amended libel taken from the files, and the citation be dismissed, with costs of the motion against the libellant. Motion granted.

[For subsequent proceedings, see Case No. 18,179.]